1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                  San Francisco Division

11  FABIAN JOHNSON,                           Case No. 17-cv-05688-LB

12                Plaintiff,

13       v.                                   **ORDER OF SERVICE**

                                              Re: ECF No. 1
14  SEVERAL DEPUTIES,

15                Defendant.

16

17                                   **INTRODUCTION**

18       Fabian Johnson, an inmate at the San Francisco County Jail in San Bruno, filed this *pro se*

19  civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge.

20  (ECF No. 3.)[1] His complaint is now before the court for review. This order finds that the

21  complaint states a cognizable claim and orders service of process on the defendants.

22                                   **STATEMENT**

23       Mr. Johnson claims that deputies used excessive force on him on July 9, 2017, at the San

24  Francisco County Jail in San Bruno. His complaint alleges the following: While naked for a strip

25  search at the jail, Mr. Johnson was handcuffed, tossed to the ground, beaten, and dragged by

26

27  ─────────────────────
[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-
28  generated page numbers at the top of the documents.

ORDER – No. 17-cv-05688-LB

United States District Court
Northern District of California

1   several deputies. He then was taken to a safety cell, where deputies further beat him. Mr. Johnson

2   alleges that San Francisco Sheriff's Deputies Chiu, Lavatoria, Sanchez, Kerraine, Miller, Pyun and

3   Belen were "involved or present" when the force was used. (ECF No. 1 at 9.) At some points Mr.

4   Johnson was facing away from the deputies pursuant to their commands, but was able to observe

5   some acts by some deputies: Deputy Miller forcefully shoved Mr. Johnson's face into the wall of

6   the safety cell, Deputy Pyun told Mr. Johnson to stop talking, and Deputy Lavatoria punched Mr.

7   Johnson in the face about twenty times. (*Id.* at 6, 7.) Senior Deputy De La Torre oversaw and

8   facilitated the use of force and said, "'I don't care if you guys break his fucking arm.'" (*Id.* at 4.)

9   Mr. Johnson was "doing nothing at all to deserve" the beating. (*Id.* at 9.)

10  **ANALYSIS**

11      A federal court must engage in a preliminary screening of any case in which a prisoner seeks

12  redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

13  § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

14  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

15  monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se*

16  complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

17      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

18  secured by the Constitution or laws of the United States was violated, and (2) that the violation

19  was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

20  (1988).

21      The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial

22  detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S.

23  386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). To prove an excessive

24  force claim under § 1983, a pretrial detainee must show only that the "force purposely or

25  knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct.

26  2466, 2473 (2015). The court assumes, for present purposes, that Mr. Johnson was a pretrial

27  detainee at the relevant time. If he was a convict, a more stringent Eighth Amendment standard

28  would apply to his claim. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (whenever prison

ORDER – No. 17-cv-05688-LB                    2

1    officials stand accused of using excessive force in violation of the Eighth Amendment, the core

2    judicial inquiry is whether force was applied in a good-faith effort to maintain or restore

3    discipline, or maliciously and sadistically to cause harm).

4         The *pro se* complaint, liberally construed, states a cognizable § 1983 claim against San

5    Francisco Sheriff's Deputies Chiu, Lavatoria, Sanchez, Kerraine, Miller, Pyun, Belen and De La

6    Torre for the use of excessive force in violation of Mr. Johnson's right to due process. Senior

7    Deputy De La Torre allegedly made a comment that approved the beating that was underway. The

8    other deputies allegedly were "involved or present" during the use of force. Even officials who

9    have not actually used force may be liable, if they have failed to intervene to prevent the use of

10   excessive force on a prisoner. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

**CONCLUSION**

11

12        1.  Liberally construed, the complaint states a cognizable § 1983 claim against San Francisco

13   Sheriff's Deputies Chiu, Lavatoria, Sanchez, Kerraine, Miller, Pyun, Belen and De La Torre for

14   using excessive force in violation of Mr. Johnson's right to due process. All other defendants and

15   claims are dismissed.

16        2.  The clerk shall issue a summons and the United States Marshal shall serve, without

17   prepayment of fees, the summons, a copy of the complaint, a copy of all the documents in the case

18   file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the

19   following eight defendants, all of whom apparently worked at the San Francisco County Jail in

20   San Bruno:

21        -San Francisco Sheriff's Deputy Chiu
         -San Francisco Sheriff's Deputy Lavatoria
22        -San Francisco Sheriff's Deputy Sanchez
         -San Francisco Sheriff's Deputy Kerraine
23        -San Francisco Sheriff's Deputy Miller
24        -San Francisco Sheriff's Deputy Pyun
         -San Francisco Sheriff's Deputy Belen
25        -San Francisco Sheriff's Deputy De La Torre (senior deputy)

26        3.  In order to expedite the resolution of this case, the following briefing schedule for

27   dispositive motions is set:

28

1        a.      No later than **January 12, 2018**, the defendants must file and serve a motion for

2  summary judgment or other dispositive motion. If the defendants are of the opinion that this case

3  cannot be resolved by summary judgment, the defendants must so inform the court prior to the

4  date the motion is due. If the defendants file a motion for summary judgment, the defendants must

5  provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time

6  they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is

7  based on nonexhaustion of administrative remedies, the defendants must comply with the notice

8  and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

9        b.      The plaintiff must file and serve his opposition to the summary judgment or other

10  dispositive motion no later than **February 9, 2018**. The plaintiff must bear in mind the notice and

11  warning regarding summary judgment provided later in this order as he prepares his opposition to

12  any motion for summary judgment.

13        c.      If the defendants wish to file a reply brief, the reply brief must be filed and served

14  no later than **February 23, 2018.**

15    4.   The plaintiff is provided the following notices and warnings about the procedures for

16  motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to
> have your case dismissed. A motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells
> you what you must do in order to oppose a motion for summary judgment.
> Generally, summary judgment must be granted when there is no genuine issue of
> material fact -- that is, if there is no real dispute about any fact that would affect the
> result of your case, the party who asked for summary judgment is entitled to
> judgment as a matter of law, which will end your case. When a party you are suing
> makes a motion for summary judgment that is properly supported by declarations
> (or other sworn testimony), you cannot simply rely on what your complaint says.
> Instead, you must set out specific facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided in Rule 56(e), that
> contradict the facts shown in the defendants' declarations and documents and show
> that there is a genuine issue of material fact for trial. If you do not submit your own
> evidence in opposition, summary judgment, if appropriate, may be entered against
> you. If summary judgment is granted, your case will be dismissed and there will be
> no trial.

26  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary

27  judgment for failure to exhaust administrative remedies, he or she is seeking to have the case

28  dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described

1   above for other summary judgment motions. As with other defense summary judgment motions, if

2   a motion for summary judgment for failure to exhaust administrative remedies is granted, the case

3   will be dismissed and there will be no trial.

4       5.   All communications by the plaintiff with the court must be served on a defendant's counsel

5   by mailing a true copy of the document to the defendant's counsel. The court may disregard any

6   document which a party files but fails to send a copy of to his opponent. Until a defendant's

7   counsel has been designated, the plaintiff may serve a document by mailing a true copy of the

8   document directly to the defendant, but once a defendant is represented by counsel, all documents

9   must be mailed to counsel rather than directly to that defendant.

10      6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No

11  further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

12  before the parties may conduct discovery.

13      7.   The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the

14  court informed of any change of address and must comply with the court's orders in a timely

15  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

16  to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in

17  every pending case every time he is moved to a new facility or is released from custody.

18      8.   The plaintiff is cautioned that he must include the case name and case number for this case

19  on any document he submits to the court for consideration in this case.

20      **IT IS SO ORDERED.**

21      Dated: October 10, 2017

22      _____

23      LAUREL BEELER
        United States Magistrate Judge

24

25

26

27

28