1  STANLEY GOFF (Bar No. 289564)
   LAW OFFICE OF STANLEY GOFF
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4

5  Attorneys for Plaintiff Fabian Johnson

6                  UNITED STATES DISTRICT COURT

7                 NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| FABIAN JOHNSON; | CASE NO.: **3:17-cv-05688-SK** |
| Plaintiffs, | **AMENDED COMPLAINT FOR DAMAGES** |
| v. | 1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force)<br>2. Negligence<br>3. Battery<br>4. Intentional Infliction of Emotional Distress |
| CITYAND COUNTY OF SAN FRANCISCO, et al. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF SAN FRANCISCO, SHERIFF DEPUTY DEFENDANTS MILLER, CHIU, LAVATORIA, LA TORRE, BELEN, PYUN, KERRAINE AND DOES SAN FRANCISCO DEPUTIES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

1

## I. PARTIES

1.  Plaintiff Fabian Johnson, was at all times relevant to this complaint, living in the City of San Francisco, which is located within the Northern District of California.

2.  Defendant CITY OF SAN FRANCISCO is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. SAN FRANCISCO is a municipality located within the Northern District of California.

3.   Defendant San Francisco Sheriff's Deputy La Torre was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

4.   Defendant San Francisco Sheriff's Deputy Lavatoria was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

5.   Defendant San Francisco Sheriff's Deputy Kerraine was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

6.   Defendant San Francisco Sheriff's Deputy Miller was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

7.  Defendant San Francisco Sheriff's Deputy Chiu was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

8.  Defendant San Francisco Sheriff's Deputy Pyun was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

9.  Defendant San Francisco Sheriff's Deputy Belen was at all times relevant to this complaint employed by the City of San Francisco when he engaged in the acts leading to the Plaintiff's injuries. This Defendant is being sued in his official and individual capacity.

10. Defendant Doe San Francisco Sheriff Deputies were employed by the City of San Francisco at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in both their individual and official capacities.

11. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

12. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the Northern District.

### III. STATEMENT OF FACTS

14. On July 9, 2017, while the Plaintiff was being housed in the San Francisco County Jail CJ5, he was ordered by the Defendants to perform a strip search inside his cell.

15. After the Plaintiff was completely naked, the Defendants began grabbing the Plaintiff in a rough manner and slammed him onto the ground.

16. The Defendants then bent the Plaintiff's arms beyond their range of motion, causing him extreme pain and placed him in tight fitting handcuffs and ankle shackles. The metal from the cuffs and the shackles were forcefully pressed into the Plaintiff's wrists and ankles and cut into his skin, hurting his bones.

17. The Defendants then placed the Plaintiff's head down to the ground and placed their knees hard against the Plaintiff's face and neck.

18. During this time, the Plaintiff asked Defendants "why are you doing this to me" I am not doing anything to be treated like this"

19. The Plaintiff was then told by the Defendants to "shut the fuck up, or its going to get worse."

20. During this assault, the Plaintiff clearly and heard Defendant La Torre state " I don't care if you guys break his fucking arm."

21. The Defendants then dragged the Plaintiff across the carpet in the dayroom of the jail pod that he was located in, causing him to suffer severe rug burns on his legs and his arm.

22. The Defendants then lifted the Plaintiff off of the ground and forced him to walk backwards with his head bent down to waste level, with at least four of the Defendants grabbing the Plaintiff in violent manner.

23. The Defendants then took the Plaintiff to a "safety cell." While being taken to the "safety cell" the Defendants issued the threatening statement "wait until we get you in the safety cell."

24. Once the Plaintiff and the Defendants arrived at the "safety cell" the Plaintiff was ordered by the Defendants to wake inside the "safety cell" and face a corner and to get on his knees. The Plaintiff complied with these orders.

25. The Plaintiff turned his slightly to try to plead the Defendants not to harm him. At that moment Defendant Miller grabbed the back of the Plaintiff's head and slammed his face into the wall with extreme force.

26. After slamming the Plaintiff's head into wall, Defendant Miller stated "keep your fuck face straight" "If you move your head again, you will get fucked up in here, do you understand."

27. The Plaintiff's legs were then pulled from under him causing him to hit his face and chest onto the ground because he was shacked and cuffed, preventing him from breaking his fall.

5

28. At that moment, the Defendants proceeded to knee and kick the Plaintiff multiple times and stomped on the Plaintiff multiple times. Also, during this time, the Plaintiff's arms and neck were being bent and twisted in a violent manner.

29. The Plaintiff then attempted to plead with the Defendants to stop hurting him and the Defendants told him to shut the fuck up or the beating would continue longer.

30. The Plaintiff then observed Defendant Pyun observing him being beaten by the other Defendants and that Defendant Pyun stated "just be quiet, don't say anything else. I am trying to help you."

31. The Plaintiff told Defendant Pyun that he was not trying to help him, because if he was, he would intervene to stop the other Defendants from beating him.

32. Right at that moment, one of the Defendants pinned the Plaintiff's head to the ground and began punching him in his face multiple times and then this Defendant started striking the Plaintiff's head with a "hammer fist" strike multiple times.

33. After getting hit at least twenty times in this manner, one of the Defendants informed the Plaintiff that they were now going to un handcuff him and when they did, for the Plaintiff to put his hands on his head and face the wall until the Defendants were completely out of the "safety cell" and the door was locked.

34. The Defendants informed the Plaintiff that if he deviated from these instructions in the slightest, that were going to fuck him up even worse.

35. As a result of the beating, the Plaintiff felt extreme pain in his face, head, neck, ears, back, wrists, knees and ankles.

36. Plaintiff filed a timely government claim against the City of San Francisco pursuant to California Government Code §910, et seq. Plaintiff's claims were subsequently rejected by the City of San Francisco.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force – As to All Defendants)**

37. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

38. That the named Defendants and Does 1-25, acting under color of law, used unreasonable and excessive force by deliberately and intentionally causing the Plaintiff to suffer extreme injuries. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff was handcuffed and shackled and did not pose any threat to defendant officers or bystanders; (iv) Defendants knew or should have known, that the Plaintiff could be harmed with the use of too much force and (v) other alternative methods were available to effectuate a seizure.

39. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the defendants' actions.

40. As a direct result of the named DEFENDANTS' actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

41. The conduct of Defendants as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, Defendants subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

42. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from the named Defendants in an amount according to proof.

**SECOND CLAIM**

**(Negligence – As to the named Defendants and DOES 1-25)**

43. By virtue of the foregoing, Defendants owed Plaintiff a duty of due care not to cause the Plaintiff to suffer injuries and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.

44. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

45. Defendants are liable for all injuries caused by his acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

46. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

47. Because the named Defendants were acting as employees of SAN FRANCISCO at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of SAN FRANCISCO, SAN FRANCISCO is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

### THIRD CLAIM

**(Battery – As to Named Defendants, San Francisco and DOES 1-25)**

48. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

49. That the named Defendants and Does 1-25, acting under color of law, used unreasonable and excessive force by deliberately and intentionally causing the Plaintiff to suffer extreme injuries. (i) Plaintiff had not committed any crime; (ii) Plaintiff was unarmed; (iii) Plaintiff was handcuffed and shackled and did not pose any threat to defendant officers or bystanders; (iv) Defendants knew or should have known, that the Plaintiff could be harmed with the use of too much force and (v) other alternative methods were available to effectuate a seizure.

50.  Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

51. Defendants as public employees are not exonerated or immune from liability for Battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

52. Because the named Defendants were acting as employees of SAN FRANCISCO at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of SAN FRANCISCO, SAN

9

FRANCISCO is liable to the Plaintiff for Battery pursuant to California Government Code §815.2.

53. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

**FOUTH CLAIM**

(**Intentional Infliction of Emotional Distress – As to Named Defendants, San Francisco and DOES 1-25**)

54. Based on the following it is alleged that Defendant Officers are also liable to the Plaintiff for Intentional Infliction of Emotional Distress.

55. That Defendants deliberately and intentionally engaged in acts that caused the Plaintiff to suffer extreme physical injuries.

56. That these acts were extreme and outrageous;

57. That with these acts, Defendants intended to cause the Plaintiff severe emotional distress;

58. Defendant Deputies are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

59. Defendants as a public employees are not exonerated or immune from liability for Intentional Infliction of Emotional Distress for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

60. Because the named Defendants were acting as employees of SAN FRANCISCO at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of SAN FRANCISCO, SAN

FRANCISCO is liable to the Plaintiff for Intentional Infliction of Emotional Distress pursuant to California Government Code §815.2.

61. Defendants and DOES 1-25's conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: March 25, 2019                    _____*/s/ STANLEY GOFF*_____
                                         STANLEY GOFF
                                         Attorney for Plaintiff
                                         Fabian Johnson